IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTIK, INC., <br><br>   Plaintiff, <br><br> v. <br><br>J.E. HIGGINS LUMBER CO.; GOLDEN STATE FLOORING, INC.; and DOES 1-50, inclusive, <br><br>   Defendants. | Case No. 12-4021 SC <br><br> ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT |

## I. INTRODUCTION

Now before the court is Plaintiff Bostik, Inc.'s ("Plaintiff") Application for Default Judgment against Defendant J.E. Higgins Lumber Co. ("Defendant"). ECF No. 27 ("Appl."). Defendant has neither appeared in this action nor opposed Plaintiff's Application. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. As discussed below, Plaintiff's Application is DENIED without prejudice.

## II. BACKGROUND

Plaintiff is a manufacturer and supplier of industrial adhesives, among other things. Defendant, a hardwood flooring

company, purchased adhesive products from Plaintiff in twenty-one transactions, each enshrined in the parties' purchase orders and invoices (collectively, the "Agreements"). ECF No. 1 ("Compl.") ¶¶ 7-10; ECF No. 1-2 ("Thompson Decl."). The Agreements are governed by Plaintiff's Terms and Conditions of Sale ("Terms"). Thompson Decl. Ex. B. Plaintiff alleges that it performed per the Agreements, but Defendant never paid. Compl. ¶¶ 7-10. Plaintiff therefore sued Defendant for breach of contract. Compl. ¶¶ 11-15.

Plaintiff served Defendant with the Summons and Complaint on August 1, 2012. ECF No. 6-1 (Proof of Service) ("POS"). Defendant never responded or appeared in this action. The Clerk of Court entered default against Defendant on October 5, 2012, ECF No. 21, and Plaintiff served the Clerk's notice of entry of default on Defendant that same day. ECF No. 22. On October 17, 2012, Plaintiff served Defendant with a copy of the present Application and other papers. ECF No. 27-5. Now Plaintiff seeks default judgment for a total of $680,593.64, comprised of: (1) $590,946.27 in unpaid contractual fees under the Agreements; (2) $70,913.55 in contractual interest, based on the Terms' requirement that Defendant pay the maximum allowable interest under Wisconsin law on unpaid contractual fees; and (3) $18,733.82 in attorneys' fees, costs, and expenses, per the Terms' requirement that Defendant pay Plaintiff's attorneys' fees and other costs if Plaintiff is forced to recover unpaid fees from Defendant. Appl. at 2-3. Defendant has not opposed Plaintiff's Application.

///
///
///

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of default judgment after the Clerk of Court has entered default. The Court's decision to enter default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default judgment is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C 00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

If the Court determines that service was sufficient, its decision to enter default judgment may be guided by the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When the Court assesses the Eitel factors, all well-pleaded allegations regarding liability are taken as true, except with respect to the damages requested. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

## IV. DISCUSSION

### A. Adequacy of Service

Federal Rule of Civil Procedure 4(e) permits service by any means authorized by the law of the state in which the district

3

court sits. See Fed. R. Civ. P. 4(e)(1). Rule 4(h)(1)(A) authorizes service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Under California law, a corporation may be served by either: (1) personal delivery of a copy of the summons and complaint to an officer, general manager, or a person authorized by the corporation to receive service of process; or (2) "leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof" and then by mailing the papers to the person to be served at the office address. Cal. Code Civ. Proc. §§ 415.20(a), 416.10(b). This method of service is deemed complete on the tenth day after mailing. Id.

On August 1, 2012, Plaintiff's process server delivered to Defendant's offices copies of the Summons and Complaint, addressed to Defendant's registered agent for service of process, and left them with "Brad Ibiadt," the "Front Desk Person," who was informed of the nature of the papers. POS at 1. On August 2, 2012, Plaintiff mailed copies of the service papers to Defendant's registered agent in compliance with the California Code of Civil Procedure section 415.20. Id. at 2. There is no indication that Mr. Ibiadt was not "apparently in charge" of the office. The Court accordingly finds that Plaintiff adequately served Defendant as of August 12, 2012, the tenth day after Plaintiff mailed the service papers to Defendant.

**B. Eitel Factors**

Since service was proper, the Court turns to the Eitel factors to determine whether default judgment is appropriate.

///

4

### 1. **Prejudice Against Plaintiff**

The first factor considers the possibility of prejudice against the plaintiff is default judgment is not entered. The Court finds that, because Plaintiff may be without recourse for recovery if default judgment is not entered, this factor weighs in favor of default judgment. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. **Plaintiff's Allegations Must State a Claim**

The second and third Eitel factors require that a plaintiff's allegations state a claim upon which it can recover. In the instant action, Plaintiff claims that Defendant breached the Agreements by failing to pay after Plaintiff performed. Plaintiff's allegations are sufficient to state a claim for breach of contract. Accordingly, the Court finds that these factors weigh in favor of default judgment.

### 3. **The Amount of Money at Stake**

As to the fourth Eitel factor, the Court must consider "the amount of money at stake in relation to the seriousness of defendant's conduct." Bd. of Trs. of the N. Cal. Sheet Metal Workers, No. C 00-0395 VW, 2000 U.S. Dist. LEXIS 19065, at *4-5 (N.D. Cal. Dec. 29, 2000). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." Truong Giang Corp. v. Twinstar Tea Corp., No. 06-CV-03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

In its Application, Plaintiff seeks a total of $680,593.64: $590,946.27 in contractual fees, $70,913.55 in interest, and $18,733.82 in attorneys' fees, costs, and expenses. Appl. at 2-3.

5

While this is a significant amount, the parties are corporations in a commercial transaction, and the contractual fees and interest accumulated over a relatively long period of time.  Also, the contractual fees at issue here are based on Defendant's refusal or failure to pay the amounts explicitly required of it per the Agreements, and Plaintiff has a clear contractual basis for requesting interest and attorneys' fees and costs.  In other words, Plaintiff has sources of proof for the amount it requests.

However, as discussed below, Plaintiff fails to "prove up" the amount of money it seeks in judgment despite its sources of proof because of several significant mistakes in its Application. Granting the requested amount under these circumstances would be unreasonable and unfair.

### 4.  Likelihood of Dispute Over Material Facts

With respect to the fifth Eitel factor, the material facts of the instant case are not reasonably likely to be subject to dispute.  Plaintiff has pled factual allegations and provided declarations supporting its claims.  Accordingly, since the Court may assume the truth of the facts pled in the Complaint (except with respect to damages) upon default, there is no likelihood that any genuine issue of material fact exists here.  See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).  Defendant's failure to appear at any point in this case further supports this conclusion.  Accordingly, this factor weighs in favor of entry of default judgment.

### 5.  Excusable Neglect

For the sixth Eitel factor, there is no support for finding that Defendant's default is due to excusable neglect.  Defendant

6

was served with the Complaint and Summons in this action over five months ago and has yet to enter an appearance. Plaintiffs also served Defendant with their Application. In such circumstances, default cannot be attributed to excusable neglect. See Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). This factor supports entry of default judgment.

### 6. Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, this policy is not dispositive, and "Defendant's failure to answer Plaintiff['s] Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 11. Termination of a case before hearing the merits is allowed when a defendant fails to defend an action. Id. Therefore, in this case, this factor does not weigh against default judgment.

### 7. Summary of Eitel Factors

The Eitel factors favor entry of default judgment. However, as explained more fully below, the Court finds that Plaintiff's failure to provide adequate proof of the amount requested outweighs mechanical application of the Eitel factors in this case.

### B. DAMAGES

In granting default judgment, a court can award only up to the amount prayed for by a plaintiff in its complaint. Fed. R. Civ. Pro. 54(c). A demand for relief must be specific, under FRCP 8(a)(3), and plaintiff must "prove up" the amount of damages, fees, and costs it requests by providing admissible evidence in the form of clear declarations, calculations, witness testimony, or other

documentation supporting its request. Orange Co. Elec. Ind. Health & Welfare Trust Fund v. Moore Elec. Contracting, Inc., No. 11-CV-00942-LHK, 2012 WL 1623236, at *2 (N.D. Cal. May 8, 2012); Truong Giang, 2007 WL 1545173, at *13. Plaintiff has failed to prove up its damages.

First, Plaintiff requests $590,946.27 in unpaid contractual fees, based on the amounts provided in the Agreements. Appl. at 3. However, the amounts identified in Plaintiff's supporting documentation total $591,151.11, not $590,946.27. See Thompson Decl. ¶¶ 3(a)-(u); id. Ex. A. This discrepancy makes Plaintiff's calculations impossible to accept, because it is not clear whether Plaintiff has provided incorrect dollar amounts via the Agreements, made a mistake of addition in its Application, or introduced some other kind of error. Plaintiff's lack of clarity here amounts to a failure to prove up damages.

Second, Plaintiff's incorrect calculation of unpaid fees suggests that its calculation of contractual interest is also wrong. In any event, Plaintiff did not explain how it calculated interest per Wisconsin Statute § 138.05, the statute that governs interest Defendant owes on its unpaid fees. Appl. at 3; Thompson Decl. Ex. B at #3. Without a correct calculation of fees or an explanation of how Plaintiff applied the Wisconsin Statute, the Court cannot be sure that $70,913.55 is the proper amount of interest on Defendant's unpaid fees.

Third, Plaintiff requests $18,733.82 in attorneys' fees and costs. Appl. at 3. Plaintiff's justification for this is a bare assertion that it has incurred fees of $18,115 and costs of $618.82 during its pursuit of its breach of contract claim. Appl. at 2-3;

Thompson Decl. ¶ 8.  However, Plaintiff does not provide any explanation of these amounts, such as its counsel's hourly rates, counsel's time spent working on the matter, or any other breakdown of costs.  Plaintiff must prove to the Court that it is owed the amount it claims.[1]

The Court therefore finds that Plaintiff has failed to prove up the amount of damages it requests, despite having an otherwise favorable case for default judgment.  However, Plaintiff is not precluded from filing another application for default judgment that provides adequate support for the relief it has requested, as discussed in this Order.

**VI.   CONCLUSION**

For the reasons discussed above, the Court DENIES without prejudice the Application for Default Judgment filed by Plaintiff Bostik, Inc., against Defendant J.E. Higgins Lumber Company.  Plaintiff may submit a revised application for default judgment addressing the issues discussed above within thirty (30) days of the signature date of this Order.  Failure to do so will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: January 10, 2013

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cannot, however, reassert fees for supplemental briefing on this issue.  Defendant should not have to pay for Plaintiff's errors in filing a motion.

9