IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTIK, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.E. HIGGINS LUMBER CO.; GOLDEN STATE FLOORING, INC.; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 12-4021 SC <br><br> ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT |

Now before the court is Plaintiff Bostik, Inc.'s ("Plaintiff") Application for Default Judgment against Defendant J.E. Higgins Lumber Company ("Defendant"). ECF No. 33 ("Appl."). Plaintiff has already sought default judgment in this matter, but its previous Application was denied -- even though the Eitel factors favored entering judgment for Plaintiff -- because Plaintiff failed to "prove up" its damages. ECF No. 32 ("Order Denying Appl.") at 3, 8 (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), Orange Co. Elec. Ind. Health & Welfare Trust Fund v. Moore Elec. Contracting, Inc., No. 11-CV-00942-LHK, 2012 WL 1623236, at *2 (N.D. Cal. May 8, 2012) (applications for default judgment must "prove up" the amount requested by providing evidence of damages)).

Plaintiff now provides thorough calculations of damages and

1    clear explanations of its methods.  Plaintiff requests $680,793.06
2    in damages, comprised of $591,151.11 in unpaid contractual fees,
3    $70,938.13 in interest, and $18,703.82 in attorneys' fees and
4    costs.  Appl. at 2-3.  Since the Court need not reconsider the
5    <u>Eitel</u> factors in light of its previous Order, the Court GRANTS
6    Plaintiff's Application for the reasons explained below.
7         First, Plaintiff requests $591,151.11 in unpaid fees.  <u>See</u>
8    Appl. at 2.  To prove this amount Plaintiff provides the sworn
9    declaration of Bostik's Credit Manager Denny Thompson, who provides
10   the total amounts of the purchase orders and invoices exchanged
11   between Plaintiff and Defendant.  ECF No. 33-2 ("Thompson Decl.") ¶
12   3.  The total that Plaintiff provides matches its damage demand.
13   <u>Compare</u> <u>id.</u> <u>with</u> Order Denying Appl. at 8 (noting that in
14   Plaintiff's first application for default judgment, the total
15   amounts Plaintiff requested did not match the total from the actual
16   purchase orders and invoices).  Plaintiff has sufficiently proved
17   the requested amount of unpaid contractual fees.
18        Second, Plaintiff requests $70,938.13 in interest on the
19   principal amount of $591,151.11 in unpaid fees.  Appl. at 2-3;
20   Thompson Decl. ¶ 8.  This calculation is based on Wisconsin Statute
21   section 138.05(a), which provides for a maximum interest rate of
22   twelve percent for one year, computed on the declining principal
23   balance of the unpaid amount.  <u>See</u> Appl. App'x of Non-Federal
24   Auths. ¶ 1 Ex. 1; Thompson Decl. Ex. B.  Plaintiff's Terms and
25   Conditions of Sale, to which Defendant agreed, state that
26   Defendant's interest on unpaid fees is governed by that statute.
27   Thompson Decl. Ex. B ("Terms").  Twelve percent of a principal of
28   $591,151.11 is $70,938.13, as Plaintiff correctly calculated.

Compare id. with Order Denying Appl. at 8 (noting that Plaintiff did not provide an explanation of its application of the Wisconsin statute in its first application for default judgment). Per the Wisconsin Statute, the Terms, and the unpaid principal, the amount of interest Plaintiff requests is correct and acceptable.

Third, Plaintiff requests $18,733.82 in attorneys' fees and costs. Appl. at 3. Plaintiff has provided a thorough table of its attorneys' billing rates and invoices. Thompson Decl. ¶ 9. Plaintiff also clearly explained its attorneys' costs. Id. These amounts are appropriate and reasonable, and Plaintiff's proof is sufficient. Compare id. with Order Denying Appl. at 8-9 (noting that in its first application for default judgment, Plaintiff did not explain how it arrived at its total of fees and costs).

The Court accordingly enters default judgment against Defendant J.E. Higgins Lumber Company in favor of Plaintiff Bostik, Inc., in the amount of $680,793.06, comprised of $591,151.11 in unpaid contractual fees, $70,938.13 in interest, and $18,703.82 in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: MARCH 4, 2013

UNITED STATES DISTRICT JUDGE

3